JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Thomas Wortley
348 Walton Avenue, Apt 1
Perth Amboy, NJ 08861

## DEFENDANTS
United States Gypsum Company
300 Markley Street
Port Reading, NJ 07064

**(b)** County of Residence of First Listed Plaintiff: **Middlesex**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Middlesex**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia, PA 19102
Tel: 267-546-0131

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C.A. § 203(d).
Brief description of cause:
Failure to Pay Overtime Compensation

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ >150,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 2/4/19
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS WORTLEY, individually and on behalf of those similarly situated,<br>Plaintiff,<br><br>v.<br><br>UNITED STATES GYPSUM COMPANY,<br><br>Defendant | **JURY DEMANDED**<br><br>Civil Action No. |

## COLLECTIVE AND CLASS ACTION CIVIL COMPLAINT

Named Plaintiff Thomas Wortley (hereinafter referred to as "Named Plaintiff"), individually and on behalf of all those similarly situated, by and through his undersigned counsel, hereby complains as follows against Defendant United States Gypsum Company (hereinafter referred to as "Defendant").

### INTRODUCTION

1. Named Plaintiff has initiated the instant action to redress Defendant's violations of the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.*, ("FLSA") and the New Jersey Wage Payment Law, N.J.S.A. 34:11-56a, *et seq.*, (hereinafter said New Jersey laws are collectively referred to as the "New Jersey Wage Laws").

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA. This

1

Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

3. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

4. Named Plaintiff, Thomas Wortley, is an adult individual residing in Perth Amboy, New Jersey.

5. Defendant, United States Gypsum Company, located at 300 Markley Street, Port Reading, Middlesex County, New Jersey. Defendant is an international company, with its United States corporate headquarters located at 550 West Adams St, Chicago, Illinois.

6. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all time relevant herein in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

7. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

8. In addition to bringing this action individually, Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all employees and other similar non-exempt employees presently and formerly employed by Defendant at any point in the three years preceding the date the

instant action was initiated (the members of this putative class are referred to as "class members").

9. Named Plaintiff and Class members work and/or worked for Defendant within the last three years.

10. Named Plaintiff and Class members are similarly situated, have similar job duties, have similar pay provisions, and are all subject to Defendant's unlawful policies and practices as discussed *infra*.

11. There are numerous similarly situated current and former employees of Defendant who Defendant failed to pay overtime and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join the present lawsuit.

12. Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

13. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of himself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

14. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

15. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiff brings his claims for relief to redress Defendant's violations of the New Jersey Wages Laws on behalf of himself and those similarly situated.

16. Specifically, Named Plaintiff seeks to bring this action on behalf of all employees presently and formerly employed by Defendant in New Jersey subject to Defendant's unlawful pay practices and who worked for Defendant at any point the three years preceding the date the instant action was initiated (the members of this putative class are also referred to as "class members").

17. Named Plaintiff and class members are similarly situated, have similar job duties, have similar pay provisions, and are all subject to Defendant's unlawful policies and practices as described herein.

18. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendant.

19. Named Plaintiff's claims are typical of the claims of class members because Named Plaintiff, like all Class Plaintiffs, was employed by Defendant within the last three years in New Jersey whom Defendant required to work more than forty hours per workweek and then failed to pay proper overtime wages as required by New Jersey Wage Laws.

20. Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

21. Therefore, Named Plaintiff should be permitted to bring this action as a class action for and on behalf of himself and those employees similarly situated.

**FACTUAL BACKGROUND**

22. The foregoing paragraphs are incorporated herein as if set forth in full.

23. On May 17, 2010, Defendant hired Named Plaintiff to work as a production operator.

24. At the time of his termination, Defendant paid Named Plaintiff a rate of $26.28 per hour.

25. Named Plaintiff regularly worked full work weeks, which consisted of forty (40) hours per week.

26. Named Plaintiff also worked additional hours, which resulted in him regularly working in excess of forty (40) hours each work week.

27. The additional hours worked by Named Plaintiff were mandated by Defendant.

28. However, due to Defendant's policies and practices, as detailed herein, Defendant paid Named Plaintiff $26.28 per hour for only forty (40) hours per week, failing to pay Named Plaintiff for hours spent working in excess of forty (40) hours per week and failing to pay Named Plaintiff overtime wages for all hours worked in excess of forty hours in a workweek.

29. Class members regularly worked/work full workweeks, which consisted/consist of forty hours per week.

30. Class members also worked/work additional hours in excess of forty hours per week.

31. However, due to Defendant's policies and practices, as detailed herein, Defendant failed/fails to pay class members for hours spent working in excess of forty hours per week, which resulted/results in Defendant failing to pay class members overtime wages for all hours worked in excess of 40 hours in a workweek.

## Overtime Violations

32. The foregoing paragraphs are incorporated herein as if set forth in full.

5

33. Named Plaintiff regularly worked at least forty (40) hours each workweek.

34. Defendant required Named Plaintiff to work in excess of forty (40) hours each workweek.

35. Defendant paid Named Plaintiff for only forty (40) hours per week regardless of the number of hours Named Plaintiff worked.

36. Defendant redistributes Named Plaintiff's hours to the following week in order to avoid paying Named Plaintiff overtime.

37. Defendant would require Named Plaintiff to clock-out but require Named Plaintiff to continue to work in order to avoid paying Named Plaintiff overtime.

38. As described above, Defendant evaded paying Named Plaintiff for all hours worked in excess of forty (40) hours per work week.

39. Defendant required/requires class members to work in excess of forty (40) hours each workweek.

40. Defendant paid/pays class members for only forty (40) hours per week regardless of the number of hours Named Plaintiff worked.

41. Defendant redistributed/redistributes class members' hours to the following week in order to avoid paying class members' overtime.

42. Defendant required/requires class members to clock out but required/requires class members to continue to work in order to avoid paying class members overtime.

43. As described above, Defendant evaded/evades paying class members for all hours worked in excess of forty (40) hours per workweek.

44. The aforementioned conduct has caused damages to Named Plaintiff and class members.

6

## COUNT I
### Violation of the Fair Labor Standards Act
### (Failure to Pay Overtime Compensation)

45. The foregoing paragraphs are incorporated herein as if set forth in full.

46. At all times relevant herein, Defendant has and continues to be an employer within the meaning of the FLSA. *See* 29 U.S.C.A. § 203(d).

47. At all times relevant herein, Defendant was/is responsible for paying wages to Named Plaintiff and class members.

48. At all times relevant herein, Named Plaintiff and class members were/are employed with Defendant as "employees" within the meaning of the FLSA.

49. Under the FLSA, an employer must pay an employee at least one and a half times her base rate for each hour worked in excess of forty (40) hours per work week.

50. Defendant failed/fails to pay for hours worked by Named Plaintiffs and class members in excess of forty (40) hours per work week.

51. Defendant's conduct was and is willful and not based upon any reasonable interpretation of the law.

52. As a result of Defendant's unlawful conduct, Plaintiff have suffered damages as set forth herein.

## COUNT II
### Violation of New Jersey Wage and Hour Laws
(N.J.S.A. 34:11-56a, *et seq.*)

53. The foregoing paragraphs are incorporated herein as if set forth in full

54. At all times relevant herein, Defendant has and continues to be an employer within the meaning of the New Jersey Wage and Hour Laws. *See* N.J.S.A. 34:11-56a1(g).

55. At all times relevant herein, Defendant was/is responsible for paying wages to Named Plaintiff and class members.

56. At all times relevant herein, Named Plaintiffs and class members were/are employed with Defendant as employees within the meaning of the New Jersey Wage and Hour Law.

57. Under the New Jersey Wage and Hour Law, an employer must pay a non-exempt employee at least one and one half times her base rate for each hour worked in excess of forty (40) hours per work week.

58. At all relevant times herein, Named Plaintiff and class members were/are not "exempt" employees for purposes of the overtime provisions of the New Jersey Wage and Hour Law.

59. Defendant's violations of the New Jersey Wage and Hour Law include failing to pay Named Plaintiff and class members for hours worked by him in excess of forty (40) hours per work week.

8

60. Defendant's conduct in failing to pay Named Plaintiff and class members properly was and is willful and was not based upon any reasonable interpretation of the law.

61. As a result of Defendant's unlawful conduct, Named Plaintiff and class members have suffered damages as set forth herein.

## VII. RELIEF REQUESTED

**WHEREFORE,** Named Plaintiff and class members demand judgment in their favor and against Defendant and that this Court enter an Order providing that:

A. Defendant is prohibited from continuing to maintain its illegal policy, practice or custom in violation of federal and state wage and hours laws and;

B. Defendant is to compensate, reimburse, and make Named Plaintiff and class members' whole for any and all pay and benefits they would have received had it not been for Defendants illegal actions, including but not limited to past lost earning. Named Plaintiff and class members should be accorded those benefits illegally withheld;

C. Named Plaintiffs and class members are to be awarded liquidated damages as applicable under the Fair Labor Standards Act and New Jersey Wage and Hour Law in an amount equal to the actual damages in this case;

D. Named Plaintiff and class members are to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law.

E. Any other further relief this Court deems just proper and equitable.

Date: February 4, 2019         **LAW OFFICES OF ERIC A. SHORE, P.C.**

                               BY: _____

**GRAHAM F. BAIRD, ESQUIRE** (Pa. Id. No. 92692)
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19110
Tel.: (267) 546-0131
Fax: (215) 944-6124
Email: grahamb@ericshore.com
*Attorney for Plaintiff, Thomas Wortley*

10